**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10676 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-03923-FRZ |
| v. | |
| RUBEN RODRIGUEZ, a.k.a. Jackson Miller, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Ruben Rodriguez appeals from the district court's judgment and challenges

the 30-month sentence imposed following his jury-trial conviction for reentry after

deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Rodriguez contends that the district court legally erred by interpreting U.S.S.G. § 3E1.1(a) to include a per se bar against a downward adjustment for acceptance of responsibility when the defendant proceeds to trial. He argues that he was entitled to the adjustment notwithstanding his decision to go to trial because he accepted responsibility for his crime. We review de novo the district court's interpretation of the Guidelines, and for clear error the district court's determination that Rodriguez did not accept responsibility for the offense. *See United States v. Ramos-Medina*, 706 F.3d 932, 936 (9th Cir.), *cert. denied*, 134 S.Ct. 64 (2013).

It is unclear from the record whether Rodriguez requested a Guidelines adjustment based on acceptance of responsibility, or merely a downward variance. *See id.* at 941 (district court may vary downward on the basis of acceptance of responsibility even if it does not grant a formal adjustment under the Guidelines). Even if Rodriguez requested an adjustment, however, his arguments are unpersuasive. The district court described it as a "close question" whether Rodriguez accepted responsibility for the offense, noting that Rodriguez decided to go to trial but then admitted his guilt on the witness stand. On this record, we cannot conclude that the district court believed that it was precluded from granting

an acceptance of responsibility adjustment solely on the basis that Rodriguez went to trial.  Moreover, in view of Rodriguez's failure to express contrition for the offense, the district court did not clearly err by denying the adjustment.  *See id.* at 940.

Rodriguez also contends that his sentence is substantively unreasonable because the district court should have varied downward in view of his acceptance of responsibility for the offense.  The district court did not abuse its discretion in imposing Rodriguez's sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007). His within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including his criminal and immigration history.  *See id.*

**AFFIRMED.**